IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. _____ |
| ABSHER PARTNERSHIP, RLLP | § § § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT

Plaintiff, HomeVestors of America, Inc. ("HomeVestors"), through its undersigned counsel, files this Complaint for damages and injunctive relief against Defendant Absher Partnership, RLLP ("Defendant"), and in support thereof would show as follows:

## I.
## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under federal law. As described more fully below, upon information and belief, Defendant has knowingly, willfully, and/or intentionally infringed upon HomeVestors' federally registered trademarks, damaged HomeVestors' business reputation, and subjected HomeVestors to unfair competition, lost profits, and other monetary damages. The infringement is ongoing causing HomeVestors to suffer irreparable harm.

2. HomeVestors brings this action under the Lanham Act, including 15 U.S.C. § 1114(1)(a) (Infringement); 15 U.S.C. § 1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorney Fees and Treble Damages); and 15 U.S.C. § 1125(a) (Infringement, False Designation of Origin, and Unfair Competition).

## II.
## PARTIES

3. Plaintiff HomeVestors is a domestic corporation with its principal place of business in Dallas County, Texas.

4. On information and belief, Defendant Absher Partnership, RLLP is a North Carolina limited liability partnership, and can be served with process by serving its registered agent at 3321 Sedgefield Drive, Statesville, NC 28625.

## III.
## JURISDICTION

5. This Court has jurisdiction over all aspects of this action pursuant to: (a) 15 U.S.C. § 1121 and 28 U.S.C. § 1331, in that this action arises under the Constitution and laws of the United States, more specifically, the Lanham Act, Title 15 of the United States Code (the "Lanham Act"); (b) 28 U.S.C. § 1338, in that this is a civil action arising under an Act of Congress relating to trademarks, more specifically the Lanham Act; and (c) 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

6. On information and belief, this Court has personal jurisdiction over the Defendant by virtue of Defendant transacting, doing, and soliciting business in this district, because a substantial part of the relevant events occurred in this district, and because Defendant has infringed, contributed to the infringement of, and/or actively induced others to infringe HomeVestors' trademarks in this district. Moreover, Defendant continues to infringe, contribute to the infringement of, and/or actively induce others to infringe HomeVestors' trademarks in this district.

## IV.
## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims arose in this district, and the Defendant resides in this district for purposes of venue under 28 U.S.C. § 1391(c). Thus, Defendant is subject to personal jurisdiction in this district.

## V.
## FACTS SUPPORTING CLAIMS

**A.  Background on HomeVestors.**

8. Founded in 1996, HomeVestors is a privately owned real estate franchise company that sells franchises to investors who buy homes in need of repair or homes that owners need to sell more quickly than can be done through a traditional sales arrangement with a realtor.

9. HomeVestors franchisees typically renovate the houses they purchase and then sell or rent them to others. HomeVestors is well known for its slogan, "We Buy Ugly Houses," which was granted service mark registration by the United States Patent and Trademark Office ("USPTO") in September 2003.

10. As a group, HomeVestors' franchises comprise the largest homebuying network in the United States. The company is headquartered in Dallas, Texas, and it has more than 880 independently owned and operated franchises located in 45 states and the District of Columbia.

**B.  The HomeVestors Marks.**

11. HomeVestors is the owner of more than thirty registered United States service marks, which are identified and described in Exhibit "A" attached hereto (collectively, the "HomeVestors Marks").

12. Specifically, HomeVestors owns the following registered service marks that are important to the filing of this lawsuit (collectively, the "UGLY HOUSES MARKS"):

| MARK | REG. NO. | GOODS/SERVICES |
|---|---|---|
| WE BUY UGLY HOUSES. HOMEVESTORS ® | 2,761,385 (Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| WE BUY UGLY HOUSES ® | 3,099,814 (Incontestable) | IC 36. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services. |
| WE BUY UGLY HOUSES ® | 2,999,705 (Incontestable) | IC 36. Real estate services, namely real estate acquisition, real estate brokerage services and real estate financing services. |
| WE BUY UGLY HOUSES and make them NICE again ® | 2,827,136 (Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| UGLY'S OK ® | 2,797,429 (Incontestable) | IC 26. Ornamental novelty buttons. |
| UGLY'S OK ® | 2,797,374 (Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| UGLY'S OK ® | 2,794,480 (Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| THE UGLIEST HOUSE OF THE YEAR ® | 3,641,362 (Incontestable) | IC 35. Organizing and promoting contests for advertising purposes. |
| The UGLIEST HOUSE of The Year ® | 3,641,361 (Incontestable) | IC 35. Organizing and promoting contests for advertising purposes. |

| | | |
|---|---|---|
| THE GOOD, THE BAD AND THE UGLY ® | 3,350,752<br>(Incontestable) | IC 36. Real estate services, namely, purchase, finance, acquisition and brokerage of residential real estate properties for others. |
| WE BUY THE GOOD, THE BAD AND THE UGLY ® | 3,307,918<br>(Incontestable) | IC 36. Real estate services, namely purchase, finance, acquisition and brokerage of residential real estate properties. |
| UG BUYS HOUSES. ® | 3,128,574<br>(Incontestable) | IC 36. Real estate services, namely, real estate acquisition, real estate brokerage services, and real estate financing services. |
| UG BUYS UGLY HOUSES ® | 2,999,978<br>(Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| UG BUYS UGLY HOUSES ® | 2,935,916<br>(Incontestable) | IC 36. Real estate services, namely, real estate acquisition, real estate brokerage services, and real estate financing services. |
| UGLY OPPORTUNITIES ® | 4,313,868<br>(Incontestable) | IC 35. Franchise consulting services, namely, consultation in connection with marketing and advertising of franchise businesses, franchise lead generation, strategic franchise planning, territory management and franchise sales; concept and brand development in the field of franchising; marketing and promotion of franchise sales services; business advisory and consulting services relating to franchise sales; broker referral services in the field of franchises. |
| UG SELLS UGLY HOUSES ® | 4,786,527<br>(Incontestable) | IC 35. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale.<br>IC 36. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency services and real estate listing. |
| WE SELL UGLY HOUSES ® | 4,638,341<br>(Incontestable) | IC 035. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale.<br>IC 036. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency |

| | | services and real estate listing. |
|---|---|---|
| WE SELL UGLY HOUSES, TOO! | 86/098,386 | IC 35. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale.<br>IC 036. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency services and real estate listing. |
| I ♥ UGLY HOUSES. ® | 86/651988 | IC 35. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale.<br>IC 036. Real estate services, namely real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely real estate agency services and real estate listing. |
| COMPRAMOS CASAS FEAS ® | 2,988,337 (Incontestable) | IC 36. Real estate services, namely, the acquisition and brokerage of residential real property and real estate financing services. |
| COMPRAMOS CASAS FEAS ® | 2,982,363 (Incontestable) | IC 35. Franchising services, namely, offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate. |
| #WEBUYUGLYHOUSES | 5297521 | IC 35. Real estate sales management; sales promotion services; franchising services, namely offering technical assistance in establishing, operating, marketing and developing franchised businesses that purchase, finance and sell residential real estate.<br>IC 36. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; providing a website for investors to access listings of real estate properties that are for sale. |

13. As identified above, all but three of the UGLY HOUSES MARKS have become incontestable.

14. Only HomeVestors and its independently owned and operated licensed franchisees have the right to use the HomeVestors Marks in the United States.

15. HomeVestors' franchisees advertise their real estate-related services through print media, billboards, the Internet, and on television and radio. Their annual advertising expenditures exceed $40 million. As a result of the extensive advertising and sales, the UGLY HOUSES MARKS enjoy significant goodwill among relevant consumers.

16. In 2016, the Caruth Institute for Entrepreneurship at the SMU Cox School of Business ranked HomeVestors as number 15 in the "Dallas 100" among the fastest-growing private companies based in Dallas; HomeVestors was ranked number 30 in 2017. Also in 2016, HomeVestors was recognized as the 19th fastest growing franchise by *Entrepreneur Magazine*, and in 2017 *Entrepreneur Magazine* ranked HomeVestors as number 52 in its "Franchise 500." In 2017, and for the eleventh consecutive year, HomeVestors was named to *Franchise Business Review's* "Top 50 Franchises," a distinction awarded to franchisors with the highest level of franchisee satisfaction.

C. **Defendant's Wrongful Acts.**

17. Defendant is not a licensed HomeVestors franchisee and does not have any other affiliation with HomeVestors. Defendant is not entitled to use any of the UGLY HOUSES MARKS to promote its real estate services. Furthermore, Defendant is a direct competitor with HomeVestors in the buying and selling of houses in distressed situations.

18. Defendant uses "WE BUY BAD/UGLY HOUSES" to advertise its real estate services on highway billboards. For example, Exhibit "B" shows a billboard located off

Interstate Highway 40, Exit 150 in Statesville, North Carolina, near the NC Highway 115 intersection.

19. Defendant's use of "WE BUY BAD/UGLY HOUSES" to advertise its real estate services on highway billboards deceives consumers into believing that Defendant is affiliated with HomeVestors. Defendant's intent to confuse consumers (1) harms HomeVestors' reputation, (2) misappropriates business opportunities and profits intended for HomeVestors and its franchisees, and (3) drives up advertising costs for HomeVestors.

D. **Defendant Has Willfully and Intentionally Infringed Upon HomeVestors' Marks.**

20. By certified letter on March 21, 2017, HomeVestors notified Defendant of its infringing use of the UGLY HOUSES MARKS:

> Your use of "We Buy Bad/Ugly Houses" and any other confusingly similar variations infringes on our client's registered trademarks and its common law usage of the marks, and constitutes trademark infringement, trademark dilution and unfair competition under Sections 32, 43(a) and 43(c) of the Lanham Act and various related state laws.

Defendant ignored this warning and continued its infringing activities.

21. On May 24, 2017, HomeVestors sent Defendant another cease and desist letter and attached a draft of this lawsuit. Defendant again ignored this heightened warning and knowingly continued with its willfully infringing activities. As a result, HomeVestors was forced to escalate this matter to litigation.

E. **Defendant's Prior and Ongoing Injury to HomeVestors.**

22. Defendant is without a license to use, adopt or employ for commercial gain the HomeVestors Marks. Defendant's actions have injured, and if permitted to continue, will irreparably injure HomeVestors, its franchisees, the HomeVestors Marks, the goodwill

associated with the HomeVestors Marks, and HomeVestors' reputation for quality services in the following ways:

(a) Defendant has knowingly, willfully, and/or intentionally acted in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, authorization, or affiliation of Defendant's real estate services;

(b) Defendant's billboards falsely suggest a sponsorship, connection, license, or association of its real estate services with HomeVestors. In combination with the above, the result is a wrongful diversion of profits from HomeVestors to Defendant;

(c) Defendant has deliberately interfered with and damaged, and will continue to damage HomeVestors' relationship with customers, potential customers, and users of HomeVestors' services and other products; and

(d) Defendant's actions have harmed HomeVestors' reputation and goodwill.

23. HomeVestors has no adequate remedy at law for many of these injuries, and thus seeks injunctive relief to end the continuing wrongful acts of Defendant.

## VI.
## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Trademark Infringement
### Under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a)

24. HomeVestors repeats, reiterates, and realleges the allegations set forth in the preceding paragraphs fully herein to the extent consistent with the relief requested in this section.

25. HomeVestors is the owner of valid and subsisting U.S. registrations on the UGLY HOUSES MARKS identified above. All but two of these registered trademarks are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

26. Without HomeVestors' consent, Defendant has used and continues to use in commerce a reproduction, counterfeit, copy or colorable imitation of the above registered UGLY HOUSES MARKS in connection with the offering for sale, sale, distribution and advertising of

real estate services and products, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

27. As a result of the actions of Defendant alleged above, the goodwill established by HomeVestors and its UGLY HOUSES MARKS has been damaged and will continue to be damaged. HomeVestors has suffered actual damages, including lost profits, as a result of Defendant's infringement in an amount to be proven at trial. *See* 15 U.S.C. § 1117(a). Further, Defendant is aware of HomeVestors' trademarks, but continued to willfully and/or intentionally use the reproduction, counterfeit, copy or colorable imitation of the above registered UGLY HOUSES MARKS. Therefore, HomeVestors is entitled to recover an amount of damages that is three times the amount of Defendant's profits or HomeVestors' damages, whichever is greater. *Id.*

28. This is an exceptional case that merits an award of reasonable attorney fees to HomeVestors under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

29. HomeVestors repeats, reiterates, and realleges the allegations set forth in the preceding paragraphs fully herein to the extent consistent with the relief requested in this section.

30. HomeVestors is the owner of valid and subsisting U.S. registrations on the UGLY HOUSES MARKS identified above.

31. Defendant has used in commerce one or more words, terms, names, symbols or devices and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with HomeVestors and/or as to the origin, sponsorship, or approval of the services

and products and commercial activities of Defendant, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the UGLY HOUSES MARKS, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. The actions of Defendant described above have at all times relevant to this action been willful and intentional.

33. As a result of Defendant's actions, HomeVestors has been damaged and will continue to be damaged.

34. HomeVestors is entitled to recover Defendant's profits, HomeVestors' damages (in an amount to be trebled), and the costs of this action. *See* 15 U.S.C. § 1117(a).

35. This is an exceptional case that merits an award of reasonable attorney fees to HomeVestors under 15 U.S.C. § 1117(a).

## APPLICATION FOR PERMANENT INJUNCTION

36. HomeVestors repeats, reiterates, and realleges the allegations set forth in the preceding paragraphs fully herein to the extent consistent with the relief requested in this section.

37. The harm to HomeVestors arising from Defendant's acts is not fully compensable by money damages,

38. On information and belief, Defendant, unless enjoined, will continue to misrepresent to or mislead the public into believing that its services are sponsored by, approved by, affiliated with, associated with, or originated by HomeVestors and infringe the UGLY HOUSES MARKS by using confusingly similar variations thereof to identify Defendant's competitive real estate services. All of these actions violate the Lanham Act.

39. Under 15 U.S.C. § 1116(a), these actions entitle HomeVestors to a permanent injunction, upon hearing, enjoining Defendant and its officers, agents, servants, employees,

franchisees, and attorneys, and all persons in active concert or in participation with Defendant from:

- (a) Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, or originated by HomeVestors;

- (b) Representing that Defendant is HomeVestors;

- (c) Using any of the UGLY HOUSES MARKS or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name, name component, domain name or domain name component, or to otherwise market, advertise, or identify Defendant's services; and

- (d) Otherwise competing unfairly with HomeVestors or injuring its business reputation in any manner.

40. For these actions, there is no adequate remedy at law. Further, HomeVestors is substantially likely to prevail on the merits of these claims. The injury to HomeVestors greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of HomeVestors. Finally, the injunction will not disserve the public interest. Therefore, in addition to money damages, HomeVestors is also entitled to permanent injunctive relief against Defendant.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief against Defendant including, but not limited to:

- (1) Actual and treble damages;

- (2) In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant from the acts described in this Complaint;

(3) Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all third parties to whom Defendant has represented an ownership, affiliation, association, or sponsorship with the UGLY HOUSES MARKS and to whom Defendant has distributed any type of materials incorporating the UGLY HOUSES MARKS;

(4) Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all other billboards using the UGLY HOUSES MARKS;

(5) Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's services that infringe the UGLY HOUSES MARKS and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with HomeVestors;

(6) In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the UGLY HOUSES MARKS be surrendered for destruction;

(7) In accordance with 15 U.S.C. §§ 1117(a), award HomeVestors all of Defendant's profits from the aforesaid acts of trademark infringement, and unfair competition;

(8) In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in HomeVestors' favor and award HomeVestors its reasonable attorney's fees, costs, and expenses of this action;

(9) Award HomeVestors its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

(10) Grant HomeVestors such other relief, at law or in equity, to which it is justly entitled.

*[SIGNATURE ON NEXT PAGE]*

Dated: July 2, 2018                    Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:     /s/ *Jeffrey W. Melcher*
        Jeffrey W. Melcher
        NC Bar No. 0017703

One Atlanta Plaza
950 East Paces Ferry Road NE
Suite 2850
Atlanta, GA 30026
(T) 470-419-6657
(F) 470-419-6651
**ATTORNEY FOR PLAINTIFF**